Mr. Justice Gantt
delivered the opinion of the court:
It is to me a matter of some surprise that in a case like the present, one almost of every days occurrence, and depending upon the construction of a rule apparently simple and obvious, that there should exist any contrariety of'.opinion respecting its interpretation on the question submitted for the consideration of the court. Considered •abstractly from the perplexity which must necessarily arise from conflicting decisions, it would seem that the question is not one of difficulty. The rule of law is, “ that the best evidence is to be produced which the nature of the case admits.” Now apply the rule to the case under consideration. Is proof of the hand-writing of a subscribing witness to a bond equally satisfactory and conclusive, as if accompanied with the additional proof of the hand-writing of the obligor ? or in other words, is it that best evidence which the nature of the case admits ? And surely upon this question the answer is palpable that such is not the best evidence. The object is to prove that the defendant did a certain act: the best evidence therefore, the simplest and most obvious proof in such case is the testimony of a witness who saw the defendant do this act. Such evidence is direct and positive, and conclusive of the fact sworñ to ; but where this positive proof cannot be had, then the next best evidence which the nature of the case admits, is the information of witnesses acquainted with the person who is said to have done the act, and who from seeing him write, have acquired a knowledge *140 of his hand-writing; for it is said, that in every persons manner of writing, there is a certain distinct prevailing character, easily discovered by observation, and when once known, may be afterwards applied as a standard to try any other specimensof writing, the genuineness of which is disputed. The witness is asked’ whether he has seen a particular person write, and afterwards, whether he believes the paper in dispute to be his hand-writing. This course of examination involves two questions :
1st. Whether the supposed writer is. the person of whom the witness speaks ? and
'Sdly. If he be the person, whether he wrote the paper in dispute ?
The first is a question of identity : the second, a question of judgment, or a comparison in the mind of the witness between the general standard and the writing produced. (See Philips on Evidence, 367.,1 It is true that proof of the hand-writing merely is no conclusive evidence that the instrument written was delivered as the deed of the party, and delivery makes ithis deed. Neither does proof of the hand-writing of a subscribing witness to a deed establish the fact of delivery. It is a deduction to be drawn from the evidence offered, whether the instrument was delivered as the deed of the party, and it is obvious to my mind that satisfactory proof of the hand-writing of the party to the instrument, affords a better and surer foundation, from whence to presume delivery than can be derived from the proof of the hand-writing of a subscribing witness ; for thereby, the person of the defendant is identified. You bring home to him the fact of having written his name there by the best possible testimony which the nature of the case admits of; and as signing the name precedes, and is the usual concomitant of the execution of a deed, the strongest implication arises; nay, the conclusion follows from the plaintiffs possession of the instrument, that a delivery was also made. But these conclusions do not necessarily arise from proving the handwriting of a subscribing witness only. Such proof affords *141 no evidence of the identity 'of the person of the defendant. It affords in a questionable case but a feeble foundation for presumption to rest upon. It may have been-placed there for dishonest purposes, and as it is liable to just suspicion, when unaccompanied'with proof of'the hand-writing of the party, I think it clear to demonstration, that such evidence alone cannot be said, with any propriety, to be the best, which the nature of the case admits of. But Philips, in his Treatise on evidence, page 362, in speaking of attested instruments, and the course to lie pursued in proving them, where, from existing circumstances, the witnesses themselves cannot be examined, seems to entertain the opinion that proof of the hand-writing of the attesting witnesses is sufficient proof of the execution of the deed, and says it will not be necessary to prove the hand-writing of the party to the deed. He relies on the following authorities : 2 East. 250, the care of Prince vs. Blackburn, and the case of Adams & Wife, ex’ix. vs. Kerr, in 1 Bos. § Puller, 360. I will examine both those cases, and see how far they justify the position taken by him. The case of Prince vs. Blackburn, was debt on bond, to which there were two subscribing witnesses. — . One had died, the other had left England for America. — ■ Several letters had been written by the witnesses from America, but it did not appear that he was domiciled or settled there. He had gone to America on business from his, father. Under these circumstances, it was contended that as the witness was alive, and being one of the persons to whom the contracting parties hod mutually agreed to refer for such proof, and as there was nothing to exclude the belief, but that the witness might return and place himself within the reach of the process of the court, the rule could not be relaxed, which required the production of the witness himself. But Be Blank, Justice, from the circumstances of the case, thought that the secondary evidence of the hand-writing of the witness, might be received. This appears to have been the only question made in the case. Whether this secondary evidence, when offer *142 ed, was or was not accompanied with the additional testimony of the hand-writing of the obligor, does not appear in the report of the case. Nor was it material to the solution of the question submitted, whether the fact existed of the obligor’s hand-writing having been proved. This case therefore furnishes no satisfactory evidence on the point before us. The case of Adams & Wife, Ex’ix. vs. Kerr, does appear, when read without critical nicety, and minute observation, to be a case in point to establish the position, that the hand-writing of the obligor need not be proved. Judge Buller, in delivering the opinion of the court in that case does say, unequivocally, that the handwriting of the obligor need not be proved, and that the hand-writing of the attesting witness, when proved, is evidence of every thing on the face of the paper, which imports to be sealed by the party. To give however a correct interpretation of his meaning, the particular circumstances of the case on which that opinion was delivered, must necessarily be taken into view. The action was debt on bond. The bond had been given in Jamaica, and was attested by two witnesses. One of the attesting witnesses was proved to be dead, and the other to be resident in Jamaica. The hand-writing of the former only was established, and no evidence was given of the hand-writing of the obligor. On this evidence, the plaintiff had a verdict subject to the opinion of the court. On the motion for a rule to shew cause why the verdict should not be set aside, it was insisted that either the hand-writing of the witness living in Jamaica, or of the obligor, should have been proved. In answer to this, Judge Buller says— “ In this case, one of the attesting witnesses was dead, and the other was beyond the process of the court: the best evidence therefore which could be obtained, was given.— He then adds, the hand-writing of the obligor need not be proved : that of the attesting witness, when proved, is evidence of every thing on the face of the paper, which imports to be sealed by the party.” Now what is the just and correct inference to be drawn from the decision *143 made in this case ? It will be recollected that the instrument was made in Jamaica; the subscribing witness lived here; the inference therefore is very clear from the observation of the Judge, that the best evidence was given which could be obtained ; that neither the hand-writing of the obligor or of the witness in Jamaica could be proved. When he concludes therefore, by saying, that the handwriting of the obligor need not be proved, it seems correct to suppose that he meant only to say, that circumstances may exist, and did exist in this case, which dispensed "With the absolute necessity of proving either the handwriting of the witness, or of the obligor. According to the rule, the best evidence was offered which could be obtained. This appears to be the predicate of the conclusion, and viewed in this light, we offer no violence to the acknowledged learning of that able Judge. We make him coincide in opinion with Lord Kenyon, in the cases of Barns vs. Trompowsky, and Wallis vs. Delaney, (7 Term Rep. 255, J who held, that proof of the handwriting of the obligor was necessary : but above all, we reconcile his opinion by this means, to the rule itself, which requires the best evidence ; a rule which successive judges ought and must interpret for themselves, and in the enforcement of which, no relaxation should be allowed ; but in every case, the best evidence which it is in the power of the party to obtain, ought always to be required. I acquiesce the more readily in the interpretation which I have given to the opinion of Judge Butter, because, in a very late treatise on evidence by Espinasse, be expressly declares, that to support an action of debt on bond where the subscribing witness cannot be procured, proof of the hand-writing of the subscribing witness, and of the obligor of the bond, are necessary. (Espinasse on. Evidence, p. 16.) I will not animadvert on decisions supposed to have been made in our sister states in opposition to the view I have taken, of what is and ought to be the rule of evidence in such case. The rudder by which we must steer our course is the rule itself, and it has been *144 the practice in our courts to require proof of the handwriting of the obligor. This practice ought not to be changed, because others may have adopted a different course. I conclude therefore by saying, that when thu evidence of a subscribing witness cannot be had, the next best evidence of which the case is susceptible, is proof of the hand-writing of the obligor, with the additional evidence of the hand-writing of the subscribing witness to the instrument. Where, from circumstances, either becomes impossible, I will not say but that the one or the other may be dispensed with, provided it is manifest that nothing is kept back, and that the best evidence which the nature of the case admits of, has been produced. « think that a new trial should be granted.
Hunt, for the motion.
Priolcau, contra.
Justices ColcocJe, Johnson and Noil, concurred.